**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DIAMOND STATE INSURANCE ) | |
| COMPANY, a Pennsylvania corporation, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | No. 1:14-cv-07764 |
| ) | |
| v. ) | Hon. Manish S. Shah |
| ) | |
| BRENT DUKE and 21 CENTURY ) | |
| SMOKING, INC., an Illinois corporation, ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

**DIAMOND STATE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff/Counter-Defendant Diamond State Insurance Company ("Diamond State"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, respectfully moves for entry of partial summary judgment in its favor and against Defendants/Counterclaimants Brent Duke and 21 Century Smoking, Inc. (collectively "21 Century") with respect to Diamond State's alleged obligation to defend and indemnify 21 Century for litigation sanctions sought against 21 Century in *DR Distributors, LLC v. 21 Century Smoking, Inc., et al.*, No. 3:12-cv-50324 ("DR Action") under certain policies of insurance issued by Diamond State. In support of its motion, and as further explained in Diamond State's accompanying memorandum of law, Diamond State states as follows:

1. Diamond State brought this insurance coverage action seeking a judicial declaration that it had no obligation to defend or indemnify 21 Century in the DR Action. (*E.g.*, Dkt. 82.)

2. In March 2016, after examining the complaint in the DR Action, this Court determined that Diamond State did, in fact, have a duty to defend based on what the Court

characterized as a "very thin reed" on which to interpret the complaint in the DR Action as alleging a potentially covered claim. (*E.g.*, Dkt. 47, p. 18.)

3. In the years since this Court's March 2016 ruling, the merits of the DR Action have been completely supplanted by complex allegations that 21 Century and its former independent defense counsel engaged in widespread litigation misconduct.

4. Diamond State has continued to pay for 21 Century's defense in the DR Action, which for the last several years has been solely focused on the sanctions issue, but neither the terms of the Diamond State insurance policies at issue nor applicable law require Diamond State to defend 21 Century against DR's sanctions allegations.

5. The Diamond State policies promise to indemnify 21 Century for sums that 21 Century becomes legally obligated to pay because of "personal and advertising injury" and to defend any lawsuit suit seeking such damages. Damages imposed against 21 Century for discovery misconduct are not damages "because of" personal and advertising injury as that term is defined the Diamond State policies, and accordingly do not give rise to a duty to defend, and therefore no duty to indemnify.

6. Also, if a person is permitted to insure him or herself against punitive monetary sanctions for discovery abuse, there is little if anything to deter that person from engaging in such conduct. Accordingly, requiring Diamond State to defend and/or indemnify 21 Century for its litigation misconduct will undermine the deterrent function of Federal Rule of Civil Procedure 37 and Illinois Public policy prohibiting insurance coverage for punitive damages.

WHEREFORE, for the reasons set forth in this motion, Diamond State's accompanying Memorandum of Law in Support of Partial Summary Judgment, and in Diamond State's Statement of Undisputed Material Facts in Support of Partial Summary Judgment, Diamond

State respectfully requests that this Court grant its motion for partial summary judgment and enter judgment:

a. In favor of Diamond State and against 21 Century on Count VI of Diamond State's amended complaint and Count II of 21 Century's amended counterclaim;

b. Declaring that the Diamond State has no obligation to defend 21 Century with respect to the sanctions motion under the terms of the Diamond State policies;

c. Declaring that, because Diamond State has no obligation to defend 21 Century with respect to the sanctions motion under the terms of the Diamond State policies, Diamond State consequentially has no obligation to indemnify 21 Century for any sanctions imposed on 21 Century in the DR Action;

d. Declaring that Diamond State is entitled to reimbursement of all defense expenses Diamond State has paid to defend 21 Century against the sanctions motion;

e. Granting any further relief to which Diamond State is entitled.

Dated: December 9, 2020  Respectfully submitted,

By: s/ Mark J. Sobczak.

Daniel I. Graham, Jr.
dgraham@nicolaidesllp.com
Mark J. Sobczak
msobczak@nicolaidesllp.com
Nicolaides Fink Thorpe
Michaelides Sullivan LLP
10 South Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 585-1400
Fax: (312) 585-1401

*Attorneys for Plaintiff Diamond State Insurance Company*